1   Mark C. Scarsi (SBN 183926)
    mscarsi@milbank.com
2   MILBANK, TWEED, HADLEY &
    McCLOY LLP
3   601 South Figueroa Street, 30th Floor
    Los Angeles, California  90017-5735
4   Telephone:     (213) 892-4000
    Facsimile:      (213) 629-5063
5

6   *Attorneys for Plaintiff Apple Inc.*

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  APPLE INC.,                              Case No.

12              Plaintiff,

13       v.                                  **COMPLAINT FOR DECLARATORY
                                             JUDGMENT**
14  OPEN NETWORK SOLUTIONS, INC.,
                                             **DEMAND FOR JURY TRIAL**
15              Defendant.

16

17

18

19       Plaintiff Apple Inc. ("Apple") for its Complaint against Open Network Solutions, Inc.

20  ("ONS" or "Defendant") hereby demands a jury trial and alleges as follows:

21                       **NATURE OF THE ACTION**

22       1.    This is an action for declaratory judgment of non-infringement and invalidity of

23  United States Patent Nos. 6,745,259 (the "'259 Patent") and 6,907,476 (the "'476 Patent")

24  (collectively, the "Patents-In-Suit") pursuant to the Declaratory Judgment Act, 28 U.S.C.

25  §§ 2201–02, and the patent laws of the United States, 35 U.S.C. § 100 et seq., and for such other

26  relief as the Court deems just and proper.

27                              **PARTIES**

28       2.    Plaintiff Apple is a corporation organized and existing under the laws of California,

1    with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

2         3.    On information and belief, defendant ONS is a wholly-owned subsidiary of Wi-

3    LAN, with a place of business at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4         4.    As alleged herein, ONS has engaged in various acts in and directed to California.

5                              **JURISDICTION AND VENUE**

6         5.    This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,

7    1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. § 1, et seq.

8    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

9         6.    ONS purports to be the owner of all rights, title, and interest in and to the Patents-

10   In-Suit.  ONS has made statements alleging that Apple infringes the Patents-In-Suit and

11   demanding that Apple license the Patents-In-Suit.  Furthermore, ONS has demonstrated its

12   ability and willingness to file suit through its initiation of multiple lawsuits against companies

13   similarly situated to Apple.  Apple has not infringed and does not infringe, either directly or

14   indirectly, any valid and enforceable claim of any of the Patents-In-Suit, either literally or under

15   the doctrine of equivalents, nor is Apple aware of any infringement of any of the Patents-In-Suit.

16   A substantial controversy exists between the parties which is of sufficient immediacy and reality

17   to warrant declaratory relief.

18        7.    This Court has personal jurisdiction over ONS.  ONS has conducted business in and

19   directed to California, including pertaining to the Patents-In-Suit, and has engaged in various

20   acts in and directed to California.  ONS is in the business of asserting patent infringement claims

21   and suing companies for patent infringement.  In connection with that business, ONS has

22   targeted and corresponded with companies in Santa Clara County, including Apple.

23                             **BACKGROUND OF PARTIES**

24        8.    Apple is an American multinational corporation and leading designer and

25   manufacturer of mobile communication devices, personal computers, and portable digital media

26   players.  As a result of its significant investment in research and development, Apple has

27   developed innovative technologies that have changed the face of the computer and

28   telecommunications industries.  For example, when Apple introduced the first iPhone in 2007, it

1    revolutionized the way people view mobile phones.

2        9.    Apple introduced another revolutionary product, the iPad, in 2010.  The iPad is an

3    elegantly designed computer tablet with a color touch screen, a user interface similar to the

4    iPhone's user interface, and robust functionality that includes mobile computing, media storage

5    and playback, and cellular connectivity.  Because of its innovative technology and distinctive

6    design, the iPad achieved instant success.

7        10.    ONS is a wholly-owned subsidiary of Wi-LAN Inc., and solely in the business of

8    acquiring and asserting patents.  ONS's business model revolves around threatening to initiate

9    litigation against technology companies to extract licensing fees.  If a company fails to take a

10   license, ONS initiates litigation.  ONS has initiated litigation against over fifteen technologies

11   companies in the past several weeks asserting the Patents-In-Suit.

12       11.    On or around June 13, 2014, ONS sent an email to Apple putting Apple on notice of

13   infringement of the Patents-In-Suit, alleging infringement by Apple products such as the iPhone

14   and iPad (the "ONS Notice Letter").

15       12.    Given the contents of the ONS Notice Letter and ONS's recent litigation history

16   related to the Patents-In-Suit, there is an actual case or controversy regarding whether Apple

17   infringes the Patents-In-Suit and whether the Patents-In-Suit are valid.

18                                  **THE PATENTS-IN-SUIT**

19       13.    The '259 Patent is entitled "Open Network System for I/O Operation Including a

20   Common Gateway Interface and an Extended Open Network Protocol with Non-Standard I/O

21   Devices Utilizing Device and Identifier for Operation to be Performed with Device" and bears an

22   issuance date of June 1, 2004.  A copy of the '259 Patent is attached hereto as Exhibit 1.

23       14.    The '476 Patent is entitled "Open Network System and Method for I/O Operations

24   with Non-Standard I/O Devices Using an Extended Open Network Protocol" and bears an

25   issuance date of June 14, 2005.  A copy of the '476 Patent is attached hereto as Exhibit 2.

26                                        **COUNT I**

27       **DECLARATION OF  NONINFRINGEMENT OF U.S. PATENT NO. 6,745,259**

28       15.    Apple repeats and realleges the allegations in paragraphs 1–14 as though fully set

forth herein.

16.   Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '259 Patent.

17.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '259 Patent.

**COUNT II**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,745,259**

19.   Apple repeats and realleges the allegations in paragraphs 1–18 as though fully set forth herein.

20.   The '259 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

21.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '259 Patent.

**COUNT III**

**DECLARATION OF  NONINFRINGEMENT OF U.S. PATENT NO. 6,907,476**

23. Apple repeats and realleges the allegations in paragraphs 1–22 as though fully set forth herein.

24.   Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '476 Patent.

25.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

26.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '476 Patent.

### COUNT IV

### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,907,476

27.   Apple repeats and realleges the allegations in paragraphs 1–26 as though fully set forth herein.

28.   The '476 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

29.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '476 Patent.

### PRAYER FOR RELIEF

**WHEREFORE**, Apple respectfully requests that judgment be entered in its favor and pray that the Court grant the following relief:

A.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '259 Patent;

B.   A declaration that the claims of the '259 Patent are invalid;

C.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '476 Patent;

D.   A declaration that the claims of the '476 Patent are invalid;

E.   An order declaring that Apple is a prevailing party and that this is an exceptional case, awarding Apple its costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

F.   Such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Apple hereby respectfully demands a trial by jury on all issues and claims so triable.

DATED:  September 18, 201          Respectfully submitted,

                                       /s/ Mark C. Scarsi_____
                                       Mark C. Scarsi
                                       mscarsi@milbank.com
                                       MILBANK, TWEED, HADLEY & McCLOY LLP
                                       601 South Figueroa Street, 30th Floor
                                       Los Angeles, CA  90017-5735
                                       Telephone:     (213) 892-4000
                                       Facsimile:     (213) 629-5063

                                       *Attorneys for Plaintiff Apple Inc.*